### B. STANLEY v. T. V. PARKER.

(Filed 10 October, 1934.)

1. **Judgments M b—Judgment against several defendants is not ordinarily conclusive as to their liabilities among themselves.**

    A judgment in plaintiff's favor against several defendants, and the recitals therein of the liability of each of the defendants to plaintiff, is conclusive as between the plaintiff and the defendants, but is not conclusive as to the respective liability of the several defendants among themselves, unless the liability among themselves is drawn in issue and determined in the action.

2. **Same: Evidence J a—Under a consent judgment jointly against endorsers on a note parol evidence is admissible to show agreement among endorsers that their respective liabilities should not be equal.**

    The payee of a negotiable note obtained a consent judgment against the endorsers thereon reciting that the endorsers had agreed to pay and had paid the payee jointly the sum of $1,500 in full discharge of their

joint liability. One of the endorsers thereafter brought action against the other endorser alleging that plaintiff had paid $900 on the judgment and defendant had paid $600 thereon, and that plaintiff was entitled to recover the amount by which defendant had failed to pay one-half the judgment. Defendant alleged that the respective amounts paid by plaintiff and defendant were made pursuant to an agreement among themselves that plaintiff should pay $900 and defendant should pay $600: *Held,* the consent judgment was not conclusive as to the respective liabilities of the endorsers as between themselves, and parol evidence is admissible to establish the agreement as alleged by defendant, on the principle that as among themselves parol evidence is admissible to show that the liability of the parties to a negotiable instrument is otherwise than as appears *prima facie,* and judgment on the pleadings in plaintiff's favor is held for error.

APPEAL by defendant from *Parker, J.,* at April Term, 1934, of JOHNSTON. Reversed.

It is alleged in the complaint in this action that on 22 July, 1930, the plaintiff and the defendant endorsed a note, which was executed by B. T. Barbour & Company as maker, and was payable to the order of the Tennessee Chemical Company, for the sum of $4,037.49, and thereby became jointly liable to the holder of said note, in the event the maker failed to pay the same at its maturity; that B. T. Barbour & Company, the maker of said note, failed to pay the same at its maturity, and have since been duly adjudged bankrupt; that actions were begun by the holder of said note in the Superior Court of Johnston County to recover of the plaintiff and the defendant the amount due thereon, to wit, the sum of $3,037.79; that the plaintiff and the defendant agreed to pay and did pay to the plaintiff in said actions, as the holder of said note, the sum of $1,500, in full settlement and discharge of their joint liability on said note; and that upon the payment of said sum of $1,500 by the plaintiff and defendant to the holder of said note, the said actions were dismissed by a consent judgment entered in each action.

It is further alleged in the complaint that the plaintiff paid the sum of $900.00, and the defendant the sum of $600.00, in settlement of said note, although each was liable under the terms of the settlement for the sum of $750.00; and that defendant has failed and refused to pay to the plaintiff the sum of $150.00, which the plaintiff paid in excess of his share of said sum of $1,500, and for that reason the plaintiff is now entitled to recover of the defendant the sum of $150.00.

The allegations in the complaint which constitute the cause of action set out therein are not denied in the answer filed by the defendant. He alleges, however, that it was expressly agreed by and between the plaintiff and defendant that the plaintiff would pay the sum of $900.00, and the defendant the sum of $600.00, in settlement of their liability as

endorsers of the note sued on in said actions, and that payments were made to the holder of said note in accordance with said agreement.

When the action was called for trial, the plaintiff moved for judgment on the pleadings. The motion was allowed.

From judgment that plaintiff recover of the defendant the sum of $150.00, with interest and costs, the defendant appealed to the Supreme Court.

*Leon G. Stevens and C. G. Grady for plaintiff.*
*Parker & Lee for defendant.*

CONNOR, J. The judgments entered by consent in the actions brought by the holder of the note which was endorsed by the plaintiff and defendant in this action, to recover on said note, together with the recital in said judgments to the effect that the defendants in said actions, who are the plaintiff and defendant in this action, had agreed to pay and had paid to the holder of the note sued on, jointly, the sum of $1,500, in settlement and full discharge of their joint liability on said note, are conclusive upon the plaintiff and the defendants in said actions. Neither the judgments nor the recitals are conclusive, however, upon the plaintiff and defendant in this action. A judgment against several defendants does not as a rule determine their rights as among themselves, unless their rights have been drawn in issue and determined in the action in which the judgment was rendered. McIntosh N. C. Prac. and Proc., p. 749.

The defendant in this action is entitled to a trial by the jury of the issue raised by his answer. At such trial parol evidence will be admissible to support his allegation as to the agreement between himself and the plaintiff with respect to the proportionate parts of the $1,500 each was to pay. It is well settled that as between or among themselves parol evidence is admissible to show that the liability of parties to a negotiable instrument is otherwise than as appears prima facie. *Lancaster v. Stanfield,* 191 N. C., 340, 132 S. E., 21. On this principle parol evidence will be admissible at the trial to show the agreement between plaintiff and defendant, as alleged in the answer.

There is error in the judgment in this action. The judgment is reversed and the action remanded to the Superior Court for further proceedings in accordance with this opinion.

Reversed.