LUMBERTON COACH COMPANY v. H. W. STONE, TRADING AND DOING BUSINESS AS PETROLEUM TRANSIT COMPANY.

(Filed 21 May, 1952.)

**1. Judgments §§ 32, 33b—**

A judgment is conclusive upon the parties and their privies as to all rights, questions, and facts in issue in the action, whenever such matters are in issue between them in a subsequent action, regardless of whether the subject matter is the same, and regardless of whether the prior judgment was by consent or based on the verdict of a jury.

**2. Same: Pleadings § 31—**

A bus and a tractor truck were in a collision. In an action by the administrator of a bus passenger against the bus company and the owner of the tractor truck, upon allegations of concurring negligence on the part of both defendants, consent judgment was entered that plaintiff recover of both defendants a stipulated sum. In a subsequent action by the bus company against the owner of the tractor truck to recover for damages to the bus, *held* defendant was entitled to set up the prior judgment as a bar, and plaintiff's demurrer and motion to strike such defense were properly denied.

APPEAL by plaintiff from *Parker, J.,* October Term, 1951, of ROBESON. Affirmed.

This was an action to recover damages for destruction of plaintiff's motorbus alleged to have been caused by the negligence of the defendant.

Plaintiff alleged that the destruction of its bus resulted from a collision on the highway between plaintiff's bus and the negligently driven tractor and trailer tank of the defendant 29 November, 1945. Defendant denied negligence on his part, and as a further defense pleaded as *res judicata* judgments in suits by Grady Britt, Administrator, Lindell Martin and others against the present plaintiff and the defendant. The judgment rolls in those cases were attached to the answer.

From these judgment rolls it appears that growing out of the collision referred to numerous damage suits were instituted against the Lumberton

Coach Company and H. W. Stone by and on behalf of passengers in the bus who were injured or killed. As typical, in the complaint of Grady Britt, Administrator, it was alleged the injury and death of his intestate was due to the concurring negligence of both the Coach Company and Stone in the operation of their respective motor vehicles on the highway on the occasion alleged. In addition it was alleged the Coach Company was negligent in failing to provide adequate exits from the bus. The Coach Company denied negligence on its part and alleged the negligence of Stone as the sole proximate cause of the injury. Likewise defendant Stone denied negligence on his part, and alleged the negligence of the Coach Company as the sole proximate cause of the injury. Thereafter, at June Term, 1946, a settlement was agreed upon, and judgment was rendered that Grady Britt, Administrator, recover of the Coach Company and defendant Stone $4,500 in satisfaction of all claims on account of the matters and things alleged in the complaint.

The plaintiff Lumberton Coach Company demurred to the further answer and defense of defendant Stone, and moved to strike from the answer the allegations set out as basis for plea of *res judicata*.

The court overruled the demurrer and denied the motion to strike, ruling that the judgment in the case of Britt against the Lumberton Coach Company and defendant Stone constituted a bar and estoppel to the prosecution of the present action.

Plaintiff excepted and appealed.

*McKinnon & McKinnon for plaintiff, appellant.*

*F. D. Hackett for defendant, appellee.*

DEVIN, C. J. On 29 November, 1945, there was a disastrous collision on the highway between the passenger bus of the Lumberton Coach Company and the tractor truck and tank trailer of defendant Stone, resulting in injury and death to passengers, the destruction of the bus, and the wreckage and demolition of the truck.

Both the Coach Company and Stone were sued by the administrator of a passenger whose death resulted from the collision, upon allegations of concurring negligence on the part of both as contributing to the injury and death of the intestate. Each defendant answered, denying his own negligence and alleging that the negligence of the other was the sole proximate cause of the injury. There were no allegations raising the question of primary and secondary liability. Thereafter consent judgment was rendered that the plaintiff in that suit recover of the Coach Company and defendant Stone $4,500 in satisfaction of all claims on account of the matters and things alleged in the complaint.

The Lumberton Coach Company has now sued Stone to recover for the loss of its bus, alleging that this was due proximately and solely to the negligence of defendant Stone. The defendant Stone pleaded the judgment in the prior suit as a bar to plaintiff Coach Company's action. Plaintiff's demurrer and motion to strike this plea from the answer were overruled by the court below, and plaintiff's exception and appeal brings the question here for review.

Unquestionably the judgment pleaded, as between the parties, would constitute *res judicata* and be regarded as conclusive as to all rights, questions and facts in issue in that action (*Bryant v. Shields,* 220 N.C. 628 (634), 18 S.E. 2d 157), and would be determinative in a subsequent action as to all matters well pleaded which were directly in question and material to the adjudication. This would be true whether the judgment was by consent of the parties or based on the findings and verdict of a jury. *Snyder v. Oil Co., ante,* 119, 68 S.E. 2d 805; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505; 30 A.J. 908; *Law v. Cleveland,* 213 N.C. 289, 195 S.E. 809.

"There is no doubt that a final judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court." 2 Freeman on Judgments, sec. 670; *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240; *Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614; *Harshaw v. Harshaw,* 220 N.C. 145, 16 S.E. 2d 666; *Hospital v. Guilford County,* 221 N.C. 308, 20 S.E. 2d 332.

It follows that the judgment pleaded by the defendant fixed the plaintiff with negligence in the operation of its bus as a proximate contributing cause to the collision and consequent destruction of its bus. The fact of its negligence was judicially determined. The allegation of the Coach Company in the original action that the negligence of defendant Stone was the sole proximate cause of the collision was negatived by the judgment consented to by the Coach Company that the plaintiff in that action recover of both for their joint and concurrent negligence. The plaintiff's present suit, based upon allegations that "the said collision and destruction of said bus were due proximately and solely to the negligence" of defendant Stone, would seem to be barred by the judgment pleaded. The "rights, questions and facts" determined in the prior action may not now be relitigated.

The view that the judgment in the former suit constitutes a bar to the present action is supported by the decisions of this Court in *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505; *Snyder v. Oil Co., ante,* 119, 68 S.E. 2d 805.

In the *Tarkington case,* the plaintiff, passenger in an automobile driven by R. O. Tarkington, was injured as result of a collision with the Printing Company's truck. The Printing Company had R. O. Tarkington made party defendant for the purpose of enforcing contribution. R. O. Tarkington pleaded in bar of the cross-action that in a former suit in which he was plaintiff and the Printing Company defendant, on issues of negligence and contributory negligence, there was verdict and judgment in his favor. The plea of *res judicata* on the question of R. O. Tarkington's negligence was upheld, the court saying: "The prior suit as between the then parties litigant determined the question whether the driver of the automobile (R. O. Tarkington) was contributorily negligent."

In the *Herring case,* plaintiff Herring sued to recover for injuries sustained while a passenger in the Coach Company's bus as result of collision of the bus with the automobile of Paul Spivey. Defendant Coach Company alleged Paul Spivey was negligent and had his administratrix made party defendant to obtain contribution. The administratrix pleaded in bar of the cross-action that she had sued the Coach Company for the wrongful death of Paul Spivey, that the Coach Company had pleaded Paul Spivey's contributory negligence, that the suit had resulted in consent judgment that she as administratrix recover $4,000. The plea was held good and the judgment a bar to the Coach Company's cross-action for contribution. The Court said: "There were no reservations in the judgment, and, nothing else appearing, this judgment constitutes a final determination of the issues raised by the pleadings."

In *Snyder v. Oil Co., supra,* the plaintiff sued the Oil Company for injury resulting from collision of an automobile, in which she was a passenger, with defendant's truck. The driver of the automobile, Mary Dixon, was made party and the Oil Company filed cross-action against her for contribution as joint tort-feasor. She answered pleading in bar a settlement by the Oil Company with her for personal injury and property damage sustained as result of the collision. The plea was held good. The Court said: "The adjustment of said claim by the payment of the amount agreed constituted acknowledgment, as between the parties, of liability of the Oil Company and the nonliability, or at least a waiver of the liability, of defendant Dixon. Neither party thereafter had any right to pursue the other in respect to any liability arising out of any alleged negligence proximately causing the collision which is the subject of the suit."

On the facts shown by the record in this case and upon the authorities cited, we conclude that the judge below has ruled correctly, and that the judgment must be

Affirmed.