B. D. STONE v. CAROLINA COACH COMPANY.

(Filed 25 November, 1953.)

**1. Pleadings §§ 15, 31—**

While a plaintiff may not demur to specific paragraphs of an answer, he may demur to a further defense as a whole, and may also move to strike the specific paragraphs in which such defense is pleaded.

**2. Same—**

A demurrer or a motion to strike admits for its purpose the truth of the allegations challenged, and raises questions of law which must be determined upon the pleadings without hearing evidence or finding facts *dehors* the record.

**3. Same: Judgments § 32—Judgment in favor of employee in action against third person held to bar such third person's action against employer.**

The driver of a bus sued the owner and operator of a truck for personal injuries sustained when the bus collided with the truck. The truck owner pleaded contributory negligence and set up a counterclaim for alleged negligence of the bus driver. A consent judgment was entered under which the bus driver recovered a stipulated sum. Thereafter the truck owner instituted suit against the bus company to recover damages to his truck occasioned by the same collision. *Held:* The bus company could be held liable solely under the doctrine of *respondeat superior*, and therefore the judgment releasing the bus driver from further liability is a bar to recovery by the truck owner against the bus company. The truck owner's demurrer and motion to strike the allegations of the bus company's answer setting up the prior judgment as a defense should not have been allowed.

**4. Judgment § 25—**

A consent judgment regular upon its face, entered by a court of competent jurisdiction, may not be collaterally attacked by demurrer to a further defense setting up the judgment as a bar, or by motion to strike the paragraphs of the answer in which the defense of the judgment is pleaded.

APPEAL by defendant from *Burney, J.,* May Term, 1953, WAKE. Reversed.

Civil action to recover compensation for damages to personal property, heard on demurrer and motion to strike defendant's "Third Further Answer and Defense."

On 19 July 1952, at about 9:30 p.m., plaintiff was operating his truck on U. S. Highway 1, traveling from Pittsboro to Raleigh. His truck was loaded with cedar posts. When he reached a point within four or five miles of Raleigh, the posts began to "tumble off" the truck and were strewn along the highway. Defendant's passenger bus, operated by one Parker, approached from the rear, ran over the poles, and so injured the driver that he lost control of his vehicle, and the bus collided with the rear end of plaintiff's truck, causing considerable damage thereto.

Thereafter, Parker, operator of defendant's bus, instituted an action in Wake County against the plaintiff herein to recover compensation for personal injuries sustained as a result of said collision. In that case the defendant—the plaintiff in this cause—pleaded the contributory negligence of Parker. He also pleaded a counterclaim bottomed on the identical acts of negligence here alleged. A consent judgment was entered therein under which the plaintiff, Parker, was paid a stipulated sum in compensation for his injuries, and his insurance carrier was paid an

additional sum. This plaintiff's counsel in that case signed their names at the foot of the judgment as evidence of Stone's consent. This action was then pending in the same court.

Defendant herein, in an amendment to its answer, pleads said judgment in bar of plaintiff's right to recover herein. Plaintiff, in his reply, attacks the validity of the Parker judgment. He also demurred to defendant's said third further answer and moves to strike paragraphs 14, 15, and 16 which constitute all of the further defense except the prayer for relief.

At a pretrial hearing the court below found certain facts concerning the Parker judgment and concluded that it "does not meet the requirement or condition of openness and avowedness necessary to be adjudged conclusive against the plaintiff"; that plaintiff has not had his day in court, and said judgment does not constitute a bar or estoppel to plaintiff's right to recover in this action. He thereupon entered judgment sustaining the demurrer and striking paragraphs 14, 15, and 16 of the further answer. Defendant excepted and appealed.

*R. Mayne Albright for plaintiff appellee.*
*Smith, Leach, Anderson & Dorsett for defendant appellant.*

BARNHILL, J. While a plaintiff may not demur to specific paragraphs of an answer, he may demur to a further defense as a whole. *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555; *Cody v. Hovey,* 216 N.C. 391, 5 S.E. 2d 165. Likewise he may move to strike specific paragraphs in the answer. Here the plaintiff took no chances. He demurred to the further defense and also moved to strike the specific paragraphs in which that defense is pleaded.

A demurrer or motion to strike admits, for the purpose of the hearing thereon, the truth of the allegations so challenged. When the demurrer or motion is, as here, directed to the sufficiency of a pleaded defense, the one question presented to the judge for decision is as to whether the facts alleged constitute a valid defense, in whole or in part, to plaintiff's cause of action. The judge is not permitted to hear evidence or find facts *dehors* the record. He must accept the facts as alleged and bottom his answer thereon.

This defendant was the employer of Parker, who was about his master's business at the time of the collision. It is liable to plaintiff, if at all, under the doctrine of *respondeat superior.* A judgment which constitutes a release of Parker from further liability to plaintiff likewise releases this defendant, for it is legally liable only for damages proximately resulting from his negligence. *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570; *Whitehurst v. Elks,* 212 N.C. 97, 192 S.E. 850.

The pleaded judgment is regular upon its face. It was entered by a court of competent jurisdiction in a case in which this plaintiff was the defendant, and want of jurisdiction of the person is not suggested. So long as it remains of record, it constitutes a complete bar to plaintiff's right to recover in this cause. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505.

It cannot be collaterally attacked as here attempted. *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Williams v. Trammell,* 230 N.C. 575, 55 S.E. 2d 81; *Hall v. Shippers Express,* 234 N.C. 38, 65 S.E. 2d 333; *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709. If plaintiff wishes to proceed further in this cause, he must first have the Parker judgment vacated by independent action or motion in the cause, as he may be advised. It is not proper for us at this time to express an opinion as to which is the appropriate remedy.

The court below erred in finding facts on which, in part at least, it based its judgment. It likewise erred in sustaining the demurrer and motion to strike. Therefore, the judgment entered in the court below must be

Reversed.