DANIEL B. CASEY *v.* KATHLEEN M. BALUNAS ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE NO. 78289

Memorandum filed April 12, 1955.

*Friedman & Friedman,* of Bridgeport, for the plaintiff.

*O'Keefe, Johnson & O'Keefe,* of New Haven, for F. & M. Schaeffer Brewing Co.

*Reilly & Reilly,* of New Haven, for all defendants.

DEVLIN, J.  One Mona Hilliard was a passenger in a car owned and operated by the defendants which was involved in an accident with a car operated by the plaintiff.  On March 13, 1953, she instituted an action naming all the parties in this case as defendants, and on July 16, 1954, judgment was rendered in her favor.  The court found in that case that the negligence of both operators was the proximate cause of the accident.  This is an action in which one operator is suing the other for his personal injuries and a special defense of res judicata has been set up.

Defendants claim since both were found to be negligent and causally responsible in the former action this finding forecloses a retrial on these issues in

this case. The plaintiff demurred to this defense on the ground such a finding was not conclusive between the parties because the question of liability was not expressly put in issue in the first action by cross complaint or other adversary pleadings.

While there is some conflict, the great weight of authority supports the view that a judgment against several defendants settles nothing as to their relative rights and liabilities inter se unless their hostile or conflicting claims were actually brought in issue, litigated and determined. 50 C.J.S. 372; notes, 101 A.L.R. 104, 142 A.L.R. 727; Restatement, Judgments, § 82, illust. 1. Especially is this true where the question of contribution is raised between those jointly liable in respect to a tort. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536.

To be conclusive it must appear that the precise point was in issue and decided. *House Cold Tire Setter Co.* v. *Ingraham,* 83 Conn. 31. And the parties must in fact have been adversaries. *Appell* v. *Schneider & Pomerantz Baking Co.,* 126 Conn. 16. As stated in *Pearlman* v. *Truppo,* 10 N.J. Misc. 477, 478, adverse parties "must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate crosspleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability *inter sese.* It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleading only goes to answering the claim of the plaintiff, and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other." Where they are not adversaries but simply

codefendants there is no duty to contest the issue of negligence as between them. *Glaser* v. *Huette,* 232 App. Div. 119, aff'd, 265 N.Y. 686.

The pleadings in the former case went no further than to admit the negligence of the other defendant while denying their own. This does not make them adverse parties. Note, 152 A.L.R. 1066, 1067. There is some question, under our law, whether such an issue could be raised in the original action in view of the decision in *Puleo* v. *Goldberg,* 129 Conn. 34.

The demurrer is sustained.