GEORGE R. MERCER v. RAY B. HILLIARD AND MONTGOMERY WARD COMPANY, INC.

(Filed 18 March, 1959.)

**1. Pleadings §§ 20, 31—**

A motion by plaintiff to strike the entire further answer and defense of defendant on the ground that the facts alleged therein do not constitute a legal defense, is, in effect, a demurrer to such further answer and defense.

**2. Appeal and Error § 3—**

> An order allowing plaintiff's motion to strike a further answer and defense in its entirety on the ground that it does not constitute a bar or defense to plaintiff's action, is, like an order which sustains a demurrer to a plea in bar, appealable as affecting a substantial right. Rule of Practice in the Supreme Court No. 4(a).

**3. Compromise and Settlement: Judgments §§ 33b, 33c— Consent judgment or judgment in retraxit pursuant to compromise with owner of parked car does not bar action by owner of car directly involved in the collision against the driver of the other car.**

> One of the cars involved in a collision struck a parked car as a result. In the action by the owner of the parked car, alleging negligence on the part of both drivers, a voluntary nonsuit was entered, with the consent of the owner of the parked car, pursuant to a compromise agreement reached between the owner of the parked car and the owner of one of the cars involved in the collision. In this action by the owner procuring the compromise agreement theretofore instituted against the driver of the other car and his employer, the judgment entered pursuant to the compromise was set up in the further answer and defense as a bar. *Held:* The further answer and defense was properly stricken on motion, since the judgment pursuant to the compromise could not bar plaintiff's action, even though it be considered a judgment in *retraxit* which would bar the owner of the parked car from again prosecuting her claim.

APPEAL by defendants from *Morris, J.,* December Civil Term, 1958, of WILSON.

Civil action instituted August 21, 1958, heard below on plaintiff's motion to strike defendants' "First Further Answer and Defense."

The background facts are these:

Plaintiff's action is to recover for damage to his automobile allegedly caused by the negligence of defendants. Defendants, in a joint answer, denied negligence and pleaded contributory negligence; and Hilliard, the individual defendant, alleged a counterclaim for damages for personal injuries and for damage to his automobile.

The controversy grows out of a collision between plaintiff's car and Hilliard's car on July 23, 1958, at a street intersection in Raleigh, N. C. Plaintiff's car, operated by his wife, was going west on New Bern Avenue. Hilliard was operating his car north on Person Street.

Hilliard was on business for the corporate defendant. Defendants alleged that, under the family purpose doctrine, plaintiff was legally responsible for the manner in which his wife operated his car.

Plaintiff alleged that the collision was caused by the negligent conduct of Hilliard. Defendants alleged that the collision was caused by the negligent conduct of Mrs. Sadie Lamm Mercer, plaintiff's wife.

In their "First Further Answer and Defense," a separate and dis-

MERCER *v.* HILLIARD.

tinct part of said joint answer, defendants alleged as *res judicata* and as a bar to plaintiff's right to maintain this action the facts summarized below.

After the present action was instituted, to wit, on or about September 4, 1958, Mrs. Margaret Strickland instituted a separate action in the Superior Court of Wake County against Mrs. Sadie Lamm Mercer, George Mercer and Ray Benton Hilliard. In her complaint therein, Mrs. Strickland alleged that, after the collision between the Mercer and Hilliard cars, the Mercer car struck her car, then properly parked on the north side of New Bern Avenue; and, alleging that the damage to her car was caused by the negligence of the three defendants, she asserted her right to recover from them the sum of $250.00.

No pleading was filed by any defendant in the *Strickland* case.

On or about September 16, 1958, in consideration of their payment to her of $165.00, Mrs. Strickland executed a release and thereby discharged the Mercers from liability on account of the damage done to her car. On September 17, 1958, a judgment was entered by the assistant clerk of superior court, which, after reciting that the plaintiff had elected to take a voluntary nonsuit, provided: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff be and she is hereby nonsuited and that she pay the cost of this action." This judgment bears the written consent of Mrs. Strickland and of her attorney.

Defendants alleged that the release executed by Mrs. Strickland and the said judgment were parts of the same transaction, namely, a transaction wherein "representatives of the said Mrs. Margaret Strickland and the plaintiff George H. Mercer and Sadie Lamm Mercer entered into a compromise settlement of said action."

Plaintiff's motion to strike *in its entirety* defendants' "First Further Answer and Defense," is based on these grounds:

"1. The allegations of said First Further Answer and Defense do not constitute *res judicata* of any of the issues involved in this action.

"2. The allegations of said First Further Answer and Defense are irrelevant, immaterial and prejudicial, and have no substantial relation to the controversy between the parties to this action, and present no legal defense to the plaintiff's cause of action."

After hearing, Judge Morris entered an order allowing plaintiff's said motion; and defendants excepted and appealed.

*Gardner, Connor & Lee for plaintiff, appellee.*

*Dupree & Weaver and Lucas, Rand & Rose for defendants, appellants.*

BOBBITT, J.   The sole ground of plaintiff's motion is that the facts alleged by defendants do not constitute a legal defense to plaintiff's action. In substance, if not in form, plaintiff's motion is a demurrer to defendants' "First Further Answer and Defense," in its entirety, and will be so considered. *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Etheridge v. Light Co.,* 249 N.C. 367, 106 S.E. 2d 560.

G.S. 1-141, in pertinent part, provides: "The plaintiff may in all cases demur to an answer containing new matter, where upon its face, it does not constitute a . . . defense; and he may demur to one or more of such defenses . . ., and reply to the residue." *Williams v. Hospital Asso.,* 234 N.C. 536, 67 S.E. 2d 662; *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908.

"A plea in bar is one that denies the plaintiff's right to maintain the action, and which, if established, will destroy the action." McIntosh, N. C. Practice & Procedure, § 523; *Brown v. Clement Co.,* 217 N.C. 47, 6 S.E. 2d 842; *Solon Lodge v. Ionic Lodge,* 245 N.C. 281, 95 S.E. 2d 921.

An order or judgment which *sustains* a demurrer to a plea in bar affects a substantial right and a defendant may appeal therefrom. G.S. 1-277; *Shelby v. R. R.,* 147 N.C. 537, 61 S.E. 377. Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766, when otherwise applicable, limits the right of immediate appeal only in instances where the demurrer is *overruled.*

The facts alleged by defendants do not constitute either an adjudication or an acknowledgment that negligence on the part of Mrs. Mercer proximately caused the collision between the Mercer and Hilliard cars. *Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410.

The factual situation here illustrates the soundness of the reasons stated by *Ervin, J.,* in support of the decision in *Dixie Lines v. Grannick, supra.* Mrs. Strickland's action in Wake Superior Court involved a small property claim. The Mercers were residents of Wilson County. Independent of questions relating to legal liability, the inconvenience and the expense of fighting the *Strickland* case would seem sufficient practical ground to induce the Mercers to effect a compromise settlement of Mrs. Strickland's claim. Moreover, if plaintiff preferred, by effecting a compromise settlement thereof, to eliminate Mrs. Strickland's small property damage claim, so that the respective rights of the Mercers and of defendants *inter se* would be adjudicated in the separate action then pending between them rather than as a subordinate feature of the *Strickland* case, they were at liberty to do so.

Defendants undertake to distinguish *Dixie Lines v. Grannick, supra,*

on the ground that no court action or judgment was involved therein. This factual distinction is immaterial. In both cases there was an out of court compromise settlement. Having received the compromise consideration, and having executed a full release, Mrs. Strickland was *thereby* precluded from prosecuting her action. The judgment of voluntary nonsuit was only an incident in the consummation of the out of court compromise settlement.

It is noteworthy that the compromise settlement was between Mrs. Strickland and the Mercers. Defendants do not allege that they or either of them participated therein in any way. If it absolved defendants from liability to Mrs. Strickland, to this extent defendants have reason to be well pleased.

Defendants contend, citing *Steele v. Beaty,* 215 N.C. 680, 2 S.E. 2d 854, that the judgment was a *retraxit* rather than a simple judgment of voluntary nonsuit. In either event, it was not a judicial determination or adjudication of liability on the part of the Mercers. If a *retraxit,* its legal effect was to estop *Mrs. Strickland* from instituting another suit on the same cause of action.

The factual situations in *Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673, and in the cases cited therein, are stated and distinguished by *Ervin, J.,* in *Dixie Lines v. Grannick, supra.* Suffice to say, *Dixie Lines v. Grannick, supra,* on which the present decision is based, is expressly approved.

Affirmed.