Frank LOWERY and Motors Insurance Corporation, Appellants,

v.

Theodore MUSE, Appellee.

MOTORS INSURANCE CORPORATION and Hansome Rousey, Appellants,

v.

Otis C. BLUE, Appellee.

Nos. 2322, 2323.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 26, 1959.

Decided May 20, 1959.

Rehearing Denied in No. 2323 June 4, 1959.

James C. Gregg, Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., for appellants in Nos. 2322 and 2323.

William J. Donnelly, Jr., Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., for appellee in No. 2322.

Francis X. Quinn and Collins & Anderson, Washington, D. C., for appellee in No. 2323.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

These two appeals were heard jointly because of the similarity of the questions they present respecting application of the doctrine of res judicata.

The facts in No. 2322 are that Muse and Lowery were driving automobiles which collided and injured Parker, a passenger in Muse's car. Parker sued and recovered judgment against both Muse and Lowery. Thereafter Lowery and his insurance carrier sued Muse for damage to Lowery's car. A motion was made to dismiss this action on the ground that the judgment in the former action was res judicata on the question of negligence. The motion was granted and appeal followed.

The facts in No. 2323 are that automobiles of Blue and Rousey were in a collision and as a result Blue's car ran into and damaged McKinney's property. McKinney sued Blue and Blue brought Rousey in as a third-party defendant, seeking judgment against Rousey for all or a contributable part of any judgment awarded McKinney. McKinney recovered judgment against Blue for $250 and Blue was given judgment over against Rousey for one-half of that amount as contribution. Thereafter Rousey and his insurance carrier sued Blue for damage to Rousey's car. A motion was made by Blue for summary judgment on the ground that the judgment in the prior action was res judicata on the question of Rousey's negligence. The motion was granted and appeal followed.

The question presented by these appeals is whether the former judgments, which were necessarily based on findings that both defendants in each case were negligent, bar the defendants in those cases

from litigating the issue of negligence in a later suit between themselves.

█ The overwhelming weight of authority holds that a judgment for a plaintiff against two or more defendants is not conclusive of the rights of the defendants in a subsequent action between those defendants, unless their rights were expressly put in issue in the first action by cross-complaint or other adversary pleadings. Many of the cases may be found in annotations in 101 A.L.R. 104, 142 A.L.R. 727, and 152 A.L.R. 1066. A few of the recent cases on the subject are Kimmel v. Yankee Lines, 3 Cir., 224 F.2d 644; Bunge v. Yager, 236 Minn. 245, 52 N.W.2d 446; Clark's Adm'x v. Rucker, Ky., 258 S.W.2d 9; Byrum v. Ames and Webb, Inc., 196 Va. 597, 85 S.E.2d 364; Casey v. Balunas, 19 Conn.Sup. 365, 113 A.2d 867. See also 50 C.J.S. Judgments § 819; 30A Am.Jur., Judgments, § 411; 1 Freeman on Judgments (5th ed.) § 422.

Restatement, Judgments, § 82, states the rule to be: "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." Illustration No. 1 under *Comment b* to this section is:

█

"A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car."

█ In the cases before us it is clear that the defendants, although they could have done so, did not put in issue their rights as between themselves either by cross-claims or other adversary pleadings, and thus were not adversaries in those actions. The third-party complaint in No. 2323 dealt only with the liability of the two defendants with respect to the plaintiff's claim and not their liability between themselves as to their own damages. We hold that the defendants in these two cases were not adversaries in the former actions and are not bound in the present actions by the judgments in the former actions. To do otherwise would in effect compel defendants in such cases to file cross-claims, and under the rules of the trial court, and the Federal Rules of Civil Procedure, rule 13(g), 28 U.S.C.A. on which the trial court's rules are based, there are no compulsory cross-claims.

Judgments reversed.