GAR LEE PACK v. ROBERT CIROW McCOY AND QUEEN CITY COACH COMPANY.

(Filed 14 January, 1960.)

**1. Pleadings § 31—**
For the purposes of a motion to strike, the allegations of the pleading must be taken as true.

**2. Judgments § 28—**
The plea of *res judicata* must be founded upon an adjudication on the merits.

**3. Judgments § 34—**
A consent judgment, as well as a judgment upon a verdict of a jury, is a bar to a subsequent action between the parties or their privies as to all questions and facts in issue therein.

**4. Same—**
A minor instituted action by her next friend against the drivers of the two vehicles involved in a collision, alleging that plaintiff was injured by the joint and concurrent negligence of defendants, and defendants filed joint answer denying liability. Consent judgment was entered that plaintiff recover of the defendants a stipulated sum. *Held:* The issues of the joint and concurrent negligence were raised by the pleadings and the consent judgment constitutes an adjudication thereof so that in a subsequent action by one of the drivers against the other the consent judgment may be properly pleaded as a bar.

BOBBITT, J., dissenting.

PARKER, J., joins in the dissent.

On CERTIORARI to review an order entered in the cause by *Huskins, J.,* at the September Term, 1959, MADISON Superior Court.

The plaintiff alleged he sustained personal injuries and property damage in a collision between his motorcycle and a Queen City Coach Company bus operated by Robert Cirow McCoy; that the accident and his injury and damage were proximately caused by the actionable negligence of the defendants.

The defendants, by answer, denied negligence and interposed the further defense that all issues of negligence between the present parties were adjudicated and settled by final judgment of the General County Court of Buncombe County in the case of *Sara Lou Gibbs, b.n.f., v. Gar Lee Pack,* (present plaintiff) *Queen City Coach Company and Robert Cirow McCoy* (present defendants). Copies of the pleadings and judgment were made a part of the further defense. These records disclose that in the prior action Miss Gibbs alleged she suffered injuries and damage as a result of a collision between a motorcycle operated by Gar Lee Pack and a Queen City Coach Company bus operated by Robert Cirow McCoy; that the collision and her injuries

and damage were proximately caused by the joint and concurrent negligence of Pack, the Coach Company, and McCoy.

The three defendants in the Gibbs action filed a joint answer denying all allegations of negligence. After the issues were thus joined, the General County Court rendered judgment "that the plaintiff recover of the defendants the sum of $1,050 in full and final settlement of all matters involved in this action." The plaintiff, her father as next friend, her attorney, and "attorneys for the defendants" appear to have signed the judgment signifying consent.

When the present action came on for hearing, Judge Huskins, on plaintiff's motion, entered an order striking the defendants' further defense. The defendants applied for and obtained this Court's writ to review the order.

*Mashburn & Huff, By: Joseph B. Huff for defendants, appellants.*
*Bruce J. Brown for plaintiff, appellee.*

HIGGINS, J.   The plaintiff contends the plea of *res judicata* shows on its face that it is not a defense to the matters and things alleged in his complaint for that it fails to aver that he was served with summons, participated in the action, appeared or authorized any attorney to appear for him, had knowledge of the prior suit, or authorized anyone to consent to the judgment.

At this stage of the cause we are concerned with allegations only— not with proof. For the purposes of the motion to strike, we must accept as true the allegations of the further defense. *Trust Co. v. Currin,* 244, N.C. 102, 92 S.E. 2d 658. If the plaintiff's objections are well founded he will have opportunity to present them when the defendants offer evidence to support their plea. Or if, as he suggests, the record in the general county court does not speak the truth as to him, his remedy is pointed out in *Stone v. Coach Co.,* 238 N.C. 662, 78 S.E. 2d 605.

The plaintiff also contends the order striking the further defense should be sustained on the authority of *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554, and *Penn Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410. In the *Penn Dixie Lines* case the defendant interposed the further defense that the plaintiff had participated with the defendant in an extrajudicial settlement of the claims by third parties growing out of the same accident. This Court said: "The allegations relating to extrajudicial settlements of the plaintiff and the defendant . . . have no proper place in the answer . . . Logic would ignore the facts of life if it accepted the plaintiff's participation in the extra-

judicial settlement . . . as an implied admission of legal culpability on its part . . ."

In the *Mercer* case the defendant interposed the further defense that a Mrs. Strickland had instituted an action against both Mercer and Hilliard, alleging she had suffered property damage in the collision which resulted from the negligence of both. The cause was settled by payment of $165 to Mrs. Strickland. No pleadings were ever filed on behalf of either defendant. The superior court, on Mrs. Strickland's application, entered judgment of nonsuit, taxing her with the costs. In passing on the order to strike the further defense in the *Mercer* case, this Court said: "The facts alleged by defendants do not constitute either an adjudication or an acknowledgment that negligence on the part of Mrs. Mercer proximately caused the collision between the Mercer and the Hilliard cars." In *Penn Dixie Lines*, a court action was never instituted. In *Mercer*, action was instituted but judgment of nonsuit was taken by the plaintiff. In neither case was there an adjudication on the issues of negligence.

The Latin phrase, *res judicata*, comes to us from the civil law. It means the thing has been adjudicated; it has been determined by judgment; it has been settled by the court, etc. There may be an estoppel by conduct, but the plea of *res judicata* must necessarily be founded on an adjudication — a judgment on the merits. See *Hayes v. Ricard*, decided this day.

The further defense in the case now before us is bottomed on these allegations: The plaintiff, Miss Gibbs, was injured by the joint and concurrent negligence of all the defendants, including the present plaintiff. A joint answer was filed by all defendants, denying negligence. By consent the court adjudged that the defendants pay to the plaintiff $1,050 "in full and final settlement of all matters involved in this action." The defendants in the instant action have pleaded that judgment as a bar to the right of the plaintiff to recover. In a similar factual situation, this Court said: "Unquestionably the judgment pleaded, as between the parties, would constitute *res judicata* and be regarded as conclusive as to all rights, questions and facts in issue in that action. . . . This would be true whether the judgment was by consent of the parties or based on the findings and verdict of a jury. . . . 'There is no doubt that a final judgment or decree necessarily affirming the existence of a fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them . . . in the same or any other court.' " *Lumberton Coach Co. v. Stone*, 235 N.C. 619, 70 S.E. 2d 673; *Hayes v. Ricard, supra; Coach Co. v. Burrell*, 241 N.C. 432, 85 S.E. 2d 688.

The holding in the *Lumberton Coach Company* case is founded on

PACK v. McCOY.

the premise that a judgment for the plaintiff against two or more defendants charged with joint and concurrent negligence establishes their negligence and may be pleaded in bar by one defendant against the other in a subsequent action between them based on the negligent acts at issue in the first cause. See also, *Stone v. Carolina Coach Co.*, 238 N.C. 662, 78 S.E. 2d 605. The decisions in *Penn Dixie Lines v. Grannick, supra,* and *Mercer v. Hilliard, supra,* are not in conflict for the reason that in neither case was there an adjudication on issues of negligence.

The case of *Stanley v. Parker*, 207 N.C. 159, 176 S.E. 279, is readily distinguishable. In that case the Court said: "A judgment against several defendants does not as a rule determine their rights among themselves, unless their rights have been drawn in issue and determined in the action in which the judgment was rendered." That action was in contract. It involved an accounting between the parties as to the amount each should pay on a judgment entered against both in a prior action.

In holding the plea in bar good in a tort case, however, our Court has proceeded on the theory that a judgment against all defendants who are jointly charged with actionable negligence necessarily establishes the negligence of all. Consequently neither can recover from the other in a subsequent action involving the same negligent acts. When both parties are at fault, neither can recover from the other.

It must be conceded, however, there is authority in conflict with the rule as stated in *Lumberton Coach Co. v. Stone, supra,* etc. The conflicting authorities hold that a judgment for the plaintiff in an action against two or more defendants is not *res judicata* as to the defendants' rights and liabilities among themselves, unless those rights and liabilities have been expressly put in issue in the prior action by cross or adversary pleadings. 101 A.L.R. 104; 142 A.L.R. 727; 152 A.L.R. 1066; 38A Am. Jur., "Judgments," § 41.

However, adhering to our rule, we conclude the trial court committed error in striking the further defense. It should be restored to the defendants' answer.

Reversed.

BOBBITT, J., dissenting.  *Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673, which supports the present decision, is contrary to the weight of authority. 30A Am. Jur., Judgments § 411; 50 C.J.S., Judgments § 819; Annotations: 101 A.L.R. 104; 142 A.L.R. 727; 152 A.L.R. 1066; *Byrum v. Ames & Webb, Inc.* (Va. 1955), 85 S.E. 2d 364; *Clark's Adm'x v. Rucker* (Ky. 1953), 258 S.W. 2d 9; *Casey v. Balunas* (Conn. 1955), 113 A. 2d 867; *Kimmel v. Yankee Lines* (C.A. 3rd 1955), 224 F. 2d 644.

In the cited *Virginia* case, the opinion states: "The case of *Lumberton Coach Co. v. Stone*, 235 N.C. 619, 70 S.E. 2d 673, appears to be at odds with the general rule, . . ." In my opinion, our decision in *Coach Co. v. Stone, supra,* is erroneous and should be overruled.

The rule supported by the weight of authority is illustrated in the Restatement of the Law of Judgments, § 82, as follows: "A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not *res judicata* in a subsequent action by A against B for damage to his car."

In the cited *Kentucky* case, the opinion, citing authorities, states: "The rules of *res judicata* are based upon an adversary system of procedure designed for the purpose of giving persons an opportunity to litigate claims against each other. As a consequence, persons who have not had an opportunity of litigating between themselves the correctness of a determination which is the basis of a judgment for or against them are not concluded by such a determinaton in a subsequent action between them. Unless they were adversaries in the action in which the judgment was entered, the judgment merely adjudicates the rights of the plaintiff against each defendant, leaving unadjudicated the rights of the defendants between themselves."

Where two defendants are sued as alleged joint tort-feasors, they have no legal right to prosecute their respective claims *inter se* in the plaintiff's action. *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833, and cases cited. The consent judgment, now pleaded as *res judicata,* is a compromise settlement, with court approval, of a minor's alleged claim. It was entered in an action in which the alleged joint tort-feasors filed a joint answer, consisting of a general denial of the plaintiff's allegations, raising issues between the plaintiff and the defendants. No issues were raised as between the defendants. They did not attempt to prosecute in said action their respective claims *inter se.*

*Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Herring v. Coach Co.,* 234 N.C. 51, 65 S.E. 2d 505, and *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805, cited in *Coach Co. v. Stone, supra,* involved essentially different factual situations. In these cases, there had been a settlement or adjudication, to pursue the above illustration, of issues raised as between A and B.

In *Stone v. Coach Co.,* 238 N.C. 662, 78 S.E. 2d 605, defendant's bus driver (Parker) had sued Stone. Stone pleaded the contributory negligence of Parker. A consent judgment was entered under which Stone paid Parker a compromise consideration. Since plaintiff's right to recover from the Coach Company was grounded solely on the al-

leged negligence of Parker, it was held that the judgment, determinative as between Parker and Stone, precluded Stone's recovery from defendant, Parker's employer, on principles stated in *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570.

Here, if the plaintiff in the prior action had been *sui juris,* and the defendants, jointly or singly, had compromised her claim and obtained a release, *without court action,* such settlement with plaintiff would not be a bar to subsequent litigation to determine the rights of the defendants *inter se. Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410; *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554.

Under the present decision, the result is this: An automobile collision occurs in which a passenger is injured. The two drivers, both or either, may compromise the claim of the injured passenger, *pay* the compromise consideration and obtain a full release without impairing their respective rights *inter se.* However, if the passenger happens to be a minor, and no valid compromise may be effected without the approval of the court, the drivers may not compromise the alleged claim of the injured passenger without sacrificing their rights to have determined in subsequent litigation their respective rights and liabilities *inter se.*

Our law encourages "out of court" compromise settlements. *Dixie Lines v. Grannick, supra; Mercer v. Hilliard, supra.* For like reasons, "in court" compromise settlements should be encouraged.

Whether a judgment in accordance with a verdict establishing that the passenger was injured by the negligence of the operators of both vehicles involved in a collision should be held determinative of the rights and liabilities of the defendants *inter se,* while the subject of the authorities cited above, is not presented by this appeal. Here, there was no adjudication of the issues raised as between the plaintiff and the defendants. The defendants did not acknowledge, but denied, liability to the plaintiff. The defendants simply offered to pay a stipulated amount *by way of compromise* of plaintiff's alleged cause of action. In my opinion, the essential nature of a compromise settlement is not affected by the circumstance that it is made (necessarily so when plaintiff is a minor) with the sanction of the court.

As I see it, a fallacy in *Coach Co. v. Stone, supra,* lies in this statement: "The fact of its negligence was judicially determined." This is a misapprehension of the nature of a consent judgment.

"A judgment by consent is the agreement of the parties, their decree, entered upon the record with the sanction of the court. (Citation) It is not a judicial determination of the rights of the parties and *does not purport to represent the judgment of the court,* but merely records the pre-existing agreement of the parties." (Our italics) *McRary v.*

*McRary,* 228 N.C. 714, 47 S.E. 2d 27; *Owens v. Voncannon,* 251 N. C. 351, 111 S.E. 2d 700.

I vote to overrule *Coach Co. v. Stone, supra,* and to affirm Judge Huskins' order.

PARKER, J., joins in this dissent.