## E. M. HUNT v. SAM JONES CRANFORD.

(Filed 23 November, 1960.)

**1. Judgments § 28:   Pleadings § 24—**

In an action involving liabilities arising out of an automobile accident, the defendant is entitled as a matter of right to amend his plead-

ings to allege a prior judgment in favor of a third party, adjudicating that the negligence of both parties to the pending action concurred in proximately causing the injury and damage to such third party resulting from the same accident, the plea of *res judicata* being asserted at the first opportunity after the prior judgment had been rendered.

**2. Automobiles §§ 42g, 46—**

Where, in support of defendant's plea of contributory negligence, there is evidence tending to show that plaintiff was traveling at excessive speed along the dominant highway in approaching the intersection at which he collided with defendant's vehicle, which was traveling on the servient highway, it is error for the court to fail to instruct the jury as to the effect of such excessive speed in charging upon the issue of contributory negligence.

MOORE, J., concurring in result.

PARKER and BOBBITT, JJ., concurring in part and dissenting in part.

APPEAL by defendant from *Sink, E. J.,* July, 1960 Civil Term, DAVIDSON Superior Court.

This civil action was instituted on January 26, 1960, to recover $2,100 property damage alleged to have been caused by the negligent acts of the defendant in that in the operation of his motor vehicle, (1) he failed to maintain a proper lookout for vehicles being operated on a dominant highway before entering; (2) failed to yield the right of way to plaintiff's vehicle as required by G.S. 20-158; (3) operated his motor vehicle upon the highway carelessly and heedlessly, and in wilful and wanton disregard of the rights and safety of others, contrary to provisions of G.S. 20-140.

The defendant, by answer, denied negligence on his part, pleaded in bar the contributory negligence of the plaintiff in that by his agent he operated his three-quarter-ton Ford truck at a speed of more than 65 miles per hour and, that by such negligent speed and failure otherwise to exercise due care, caused the accident and defendant's damage in the sum of $265. The action and counterclaim are for property damage only. Personal injury is not involved.

After this action was instituted and the pleadings filed, the defendant made a motion to amend his answer by adding thereto a plea in bar by judgment entered in another action involving injuries received as the result of this same accident. The defendant attached to his proposed amendment a copy of the judgment roll in the case of *E. L. Summey v. E. M. Hunt,* present plaintiff; Moody Dwight Gallimore, Hunt's driver; James Robert Clark; and Sam Jones Cranford, present defendant. That action was instituted March 15, 1960, in the Superior Court of Davidson County. The complaint alleged that the

plaintiff Summey was injured and his vehicle damaged by the concurrent negligent acts of all the defendants. Hunt and Clark filed a joint answer. The other two defendants filed separate answers. The cause was tried on June 15, 1960, in the Superior Court of Davidson County. The jury found issues of negligence against each of the four defendants and assessed Summey's damages at $5,500. From the judgment on the verdict there was no appeal.

The defendant in the present action contended the verdict and judgment in the Summey case constituted a bar to the plaintiff's right to recover in this action and that the court committed error in entering the following order on his motion to amend:

> "This cause coming on to be heard at the July 1960 Civil Term of the Superior Court of Davidson County, before his Honor H. Hoyle Sink, Judge Presiding, upon motion of the defendant to amend his answer as set out in his motion, and counsel for both parties having been given an opportunity to be heard, and briefs having been filed with the Court: IT IS NOW, THEREFORE, ORDERED that the motion of the defendant to amend his answer is hereby denied."

Defendant excepted and following this exception entered an exception "to the refusal of the court to hold that the above judgment (Summey v. Hunt, et al.) was res 'adjudicata' and on bar to plaintiff's action."

The pleadings in the Summey case and the evidence in the case now before us tended to show the Hunt truck, driven by Gallimore, struck the Plymouth driven by Cranford, then veered out of control into the path of the Summey Chevrolet, causing Summey's injury and property damage.

In the case now before us the court submitted the issues both as to plaintiff's claim and defendant's counterclaim. The jury found the defendant was negligent and the plaintiff was not contributorily negligent, and assessed plaintiff's damages at $1,900. From the judgment on the verdict, defendant appealed.

*Deal, Hutchins and Minor, By: Roy L. Deal, for defendant, appellant.*

*Cooke and Cooke, Charles W. Mauze for plaintiff, appellee.*

HIGGINS, J. Two questions are decisive of this appeal. First, did the court commit error in denying the defendant's motion to amend the answer by setting up the judgment in the Summey case? Second,

did the court commit prejudicial error in failing to charge the effect of plaintiff's excessive speed, or lack of it, on the issue of plaintiff's contributory negligence?

As to the first question, did the court act as a matter of discretion (not reviewable) or as a matter of legal right (reviewable) in denying the defendant's motion to amend the answer by setting up *res judicata* in bar of plaintiff's right to recover? The order makes no reference to the exercise of discretion. *Likas v. Lackey*, 186 N.C. 398, 119 S.E. 763; *Muse v. Muse*, 234 N.C. 205, 66 S.E. 2d 689; *Abernethy v. Yount*, 138 N.C. 337, 50 S.E. 696. In view of the lack of unanimity among the members of this Court in these decisions, we prefer to decide the question on grounds other than the failure of Judge Sink to state in his order whether he was acting in his discretion or as a matter of legal right. No doubt the failure to state he was acting in his discretion is entitled to some weight. The facts in this particular instance (each case should stand or fall on its own facts) disclosed that arguments and briefs were presented on the written motion to amend, to which was attached the judgment roll in the *Summey* case. Immediately following the entry of the order denying the amendment, the defendant filed exceptions on the ground the court failed to hold, as a matter of law, the present action is barred by the verdict and the judgment in *Summey v. Hunt, et al.* We attach some importance to the fact the plaintiff does not even argue that the court acted in its discretion, but does argue the doctrine of *res judicata* as applied in *Pack v. McCoy*, 251 N.C. 590, 112 S.E. 2d 118; *Lumberton Coach Co. v. Stone*, 235 N.C. 619, 70 S.E. 2d 673; and *Stone v. Coach Co.*, 238 N.C. 662, 78 S.E. 2d 605, is not applicable to the facts in this case for the reason that here four vehicles were involved, and after the initial collision between the Hunt and Cranford vehicles, the Hunt vehicle continued for some distance and a second collision took place between it and the Summey Chevrolet.

It must be remembered that Summey charged each of the defendants with negligent acts which caused the Hunt truck to be deflected into his lane of traffic. In short, he alleged his damage resulted from the combined negligent acts of all defendants. The verdict returned and the judgment rendered after full hearing support Summey's allegations.

We express no opinion on the validity of the defendant's plea of *res judicata.* Enough appears, however, to show the defendant was entitled to set it up. This he did at his first opportunity. This action was instituted and the original pleadings filed before the Summey

action was begun. Though subsequently brought, the *Summey* case was first tried.

The plaintiff argues Hunt's liability to Summey may have arisen by some negligent act or omission on Hunt's part after his truck collided with Cranford's Plymouth. On the other hand, the defendant contends that Summey charged all defendants with concurrent acts of negligence and that Hunt's truck was out of control as a result of the first collision, and no intervening act contributed to Summey's injury. See *Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331.

As stated in the *Pack* case, our decisions go no further than to hold a finding and judgment against two or more defendants charged with joint and concurrent negligence establish their negligence and may be pleaded in bar by one defendant against another in a subsequent action between them based on the negligent acts at issue in the first cause. Such is the view of the majority of the members of this Court. However, there is persuasive authority in other jurisdictions to the effect that a judgment against two or more defendants does not determine their rights among themselves, unless their respective rights are placed in issue by cross or adversary pleadings. We do not wish to extend the scope of the *Pack* and *Lumberton Coach Company* cases. However, the defendant's showing is sufficient to entitle him as a matter of right to amend his pleadings by setting up the Summey judgment as a plea in bar. Whether he can establish the plea as properly applicable in this case must await the further hearing.

We now deal with the second question. The defendant pleaded as contributory negligence on the part of the plaintiff his speed of 65 miles per hour at the time of the accident. One witness testified in his opinion the speed of the truck was "anywhere from 60 to 65 miles per hour, probably more." Another witness testified that the speed of the truck was 65 miles per hour or more. The allegation and the evidence offered required the court to charge the jury as to the effect of excessive speed on the issue of plaintiff's contributory negligence. This the court failed to do. The failure was prejudicial error. *Primm. v. King*, 249 N.C. 228, 106 S.E. 2d 223; *Kolman v. Silbert*, 219 N.C. 134, 12 S.E. 2d 915; *Spencer v. Brown*, 214 N.C. 114, 198 S.E. 2d 630.

This case is remanded to the Superior Court of Davidson County with direction that the defendant's motion to amend his answer be allowed, and that there be a

New trial.

MOORE, J., Concurring in result. It is agreed that the failure of "the Court to charge the jury as to the effect of excessive speed on

the issue of plaintiff's contributory negligence" is prejudicial and entitles defendant to a new trial.

But it seems to me that the court was correct, as a matter of law, in denying defendant's motion to be permitted to plead the judgment in the *Summey* case as *res judicata* of the instant case. It is true that the judgment in the *Summey* case has judicially established that Hunt and Cranford were concurrently negligent with respect to the collision between Hunt's pickup and Summey's vehicle, and that the negligence of each was a proximate cause of the Hunt-Summey collision. But it does not necessarily follow that their negligence concurred with respect to the Hunt-Cranford collision, or that the negligence of either was a proximate cause of the Hunt-Cranford collision. The two collisions were distinct. The alleged speed of the Hunt vehicle might well have been a proximate cause of Summey's damage and not a proximate cause of the Hunt-Cranford collision. Summey's allegations of negligence against Hunt included all of Cranford's allegations of contributory negligence against Hunt, and in addition the allegation of failure to yield one-half of the highway width. This last allegation might well have been the basis of the jury's finding of actionable negligence on the part of Hunt.

In the majority opinion it is said: "We do not wish to extend the scope of the *Park* and *Lumberton Coach Company* cases. However, the defendant's showing is sufficient to entitle him as a matter of right to amend his pleading by setting up the Summey judgment as a plea in bar. Whether he can establish the plea as properly applicable in this case must await the further hearing."

.. The pleadings and issues in both cases and the judgment in the *Summey* case are before us. What, in the further hearing, would render the plea applicable so as to bar the action? If anything, it would of necessity be the evidence. If it developed from the evidence that plaintiff was contributorily negligent as a matter of law or by reason of the jury's verdict, this would bar recovery by plaintiff in any event and the plea of *res judicata* would be needless surplusage.

PARKER and BOBBITT, JJ., concurring in part and dissenting in part. We concur in the award of a new trial for error in the charge but are of the opinion that, for reasons set forth in the dissenting opinion in *Pack v. McCoy*, 251 N.C. 590, 593, 112 S.E. 2d 118, the court properly denied defendant's motion for leave to plead the judgment in the *Summey* case as *res judicata*.