WALLACE v. HASERICK

[105 N.C. App. 315 (1992)]

---

RUTH B. WALLACE, PLAINTIFF v. JOHN R. HASERICK, M.D., AND PREVO DRUGS, INC., DEFENDANTS

No. 9119SC150

(Filed 4 February 1992)

**Pleadings § 10.1 (NCI3d); Negligence § 10.3 (NCI3d)— medical negligence—negligence of another—not an affirmative defense**

The trial court did not err by allowing defendants to inject into a medical negligence action an affirmative defense that

WALLACE v. HASERICK

[105 N.C. App. 315 (1992)]

had not been raised in the pleadings where plaintiff suffered from a skin condition for which defendant Haserick prescribed Oxsoralen lotion and ultraviolet light; plaintiff attempted to have the prescription filled at Revco, which did not have the medication in stock; the Revco pharmacist called the pharmacist at defendant Prevo, which carried the medication, and transmitted the prescription over the telephone; the Revco pharmacist told the Prevo pharmacist that the prescription read "1 percent Oxsoralen lotion"; the prescription in fact read ".1 percent Oxsoralen lotion"; the prescription was never physically transported to Prevo; and plaintiff suffered a severe sunburn following her first treatment. The statements of defendants' counsel about the Revco pharmacist misreading the prescription do not raise a question of insulating negligence, but address the cause-in-fact element of plaintiff's prima facie case of negligence, and defendants were not required to plead them as an affirmative defense under N.C.G.S. § 1A-1, Rule 8(c).

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 326; Pleading §§ 127, 128, 152, 153.**

APPEAL by plaintiff from judgment entered 26 September 1990 by *Judge Howard R. Greeson, Jr.,* in RANDOLPH County Superior Court. Heard in the Court of Appeals 12 November 1991.

This appeal arises from a medical malpractice action. Plaintiff suffered from vitiligo, a skin condition characterized by the destruction of the cells that produce melanin. As a result, plaintiff had developed white spots on her hands, feet and various parts of her trunk. During an office visit, her dermatologist, Dr. John R. Haserick, suggested that plaintiff undergo a treatment which involved applying a photosensitizer to the affected areas of the skin and exposing the skin to ultraviolet light. Dr. Haserick wrote a prescription for Oxsoralen lotion and told plaintiff to have it filled before her first treatment. He also instructed plaintiff to apply the lotion to the affected areas 45 to 60 minutes before her exposure to the ultraviolet light at his office. This treatment was scheduled for 4 September 1985.

Plaintiff took the prescription to Revco Drug Store in Asheboro and was told that the store did not have this medication in stock but that it could be ordered. On 3 September 1985 she returned to Revco and discovered that the prescription still had not been

filled. The Revco pharmacist then called the pharmacist at Prevo Drugs, another drug store in Asheboro, to inquire if Prevo stocked Oxsoralen lotion. When the Prevo pharmacist said that Prevo carried the medication, the Revco pharmacist transmitted the prescription over the telephone. She told the pharmacist at Prevo that the prescription read "1 percent Oxsoralen lotion." In fact Dr. Haserick had written the prescription for ".1 percent Oxsoralen lotion." The prescription itself was never physically transported from Revco Drug Store to Prevo Drugs.

Plaintiff picked up the one percent Oxsoralen lotion at Prevo Drugs. On 4 September 1985 she applied the lotion to most of her body instead of just on the areas affected by the vitiligo as Dr. Haserick had instructed. A nurse at Dr. Haserick's office treated plaintiff with the ultraviolet light. In the early morning of 6 September 1985 plaintiff began to develop blisters on her body and exhibited all the symptoms of severe sunburn. She was admitted to Moore Memorial Hospital on the evening of 6 September 1985 having suffered burns over 25 percent. of her body.

Plaintiff filed a negligence action against Dr. Haserick and Prevo Drugs seeking to recover for personal injuries. She alleged, among other things, that Dr. Haserick was negligent in writing a prescription for diluted Oxsoralen lotion as .1 percent instead of 0.1 percent and in writing a prescription that allowed the pharmacy to dispense the medication directly to her. The jury returned a verdict in favor of both defendants, finding that plaintiff was not injured by the negligence of either Dr. Haserick or Prevo Drugs. Plaintiff appeals.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for the plaintiff-appellant.*

*Young, Moore, Henderson & Alvis, P.A., by Joseph W. Williford and Brian E. Clemmons, for the defendant-appellee John R. Haserick.*

*Petree Stockton & Robinson, by G. Gray Wilson and Urs R. Gsteiger, for the defendant-appellee Prevo Drugs, Inc.*

EAGLES, Judge.

The sole issue raised on appeal is whether the trial court improperly allowed the defendants to inject into the case an affirmative defense that had not been raised in the pleadings. We hold that the trial court did not err.

WALLACE v. HASERICK

[105 N.C. App. 315 (1992)]

Plaintiff contends that the trial court erred when it allowed counsel for defendants Prevo Drugs and Haserick to argue that the Revco pharmacist "misread" the prescription when Revco was not a party to the action and neither defendant alleged in the pleadings that Revco was in any way negligent. Plaintiff contends that "the arguments raise the issue of insulating negligence of Revco." We disagree.

In discussing insulating negligence, the Supreme Court has said:

"An efficient intervening cause is a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original action and rendering its effect in the causation remote."

. . . .

"The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury."

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 236-37, 311 S.E.2d 559, 566-67 (1984) (quoting *Harton v. Forest City Telephone Co.*, 141 N.C. 455, 462, 54 S.E. 299, 301-02 (1906) and *Riddle v. Artis*, 243 N.C. 668, 671, 91 S.E.2d 894, 896-97 (1956)). The statements of defendants' counsel about the Revco pharmacist misreading the prescription do not raise a question of insulating negligence. Defendants here do not concede that Dr. Haserick was negligent or argue that Revco committed a second unforeseeable negligent act in "misreading" the prescription. They contend, and the jury agreed, that Dr. Haserick was not negligent. Additionally, as to Revco, any negligence on the part of Prevo occurred *after* the acts of Revco. Accordingly, the actions of Revco could not constitute a *subsequent* intervening act. At trial both defendants contended that they were not negligent and that their actions were not the actual cause of plaintiff's injuries. The statements regarding the Revco pharmacist misreading the prescription address the cause-in-fact element of plaintiff's prima facie case of negligence against defendants Haserick and Prevo Drugs.

Because defendants' statements regarding the Revco pharmacist related to plaintiff's prima facie negligence claim, defendants were

not required to plead them as an affirmative defense under Rule of Civil Procedure 8(c).

> Generally, a defense which contests one of the material allegations of the complaint is not an affirmative defense since it involves an element of the plaintiff's prima facie case. Any other defense, especially if it introduces new matter in attempt to avoid the plaintiff's claim regardless of the truth or falsity of the allegations in the complaint, must be considered an affirmative defense.

W. Shuford, North Carolina Civil Practice and Procedure § 8-7 (1988). Accordingly, this assignment of error is overruled.

Because we hold that the trial court did not err in entering judgment for the defendants, we need not reach defendant Haserick's cross-assignment of error. For the reasons stated, we find no error.

No error.

Judges JOHNSON and ORR concur.