NO. COA13-951

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

MARGARITA BELILA HOLBERT,
    Plaintiff

v.                                    Henderson County
                                      No. 09 CVD 2008

LARRY R. HOLBERT,
    Defendant


Appeal by defendant from orders entered 18 March 2013 and 4 June 2013 by Judge Peter Knight in Henderson County District Court. Heard in the Court of Appeals 6 January 2014.

> *Prince, Youngblood & Massagee, PLLC, by Boyd B. Massagee, Jr., for Plaintiff-Appellee.*

> *F.B. Jackson & Associates Law Firm, PLLC, by Frank B. Jackson and Angela S. Beeker, for Defendant-Appellant.*


ERVIN, Judge.


Defendant Larry R. Holbert appeals from orders denying his motion for summary judgment directed to Plaintiff's equitable distribution claim and granting Plaintiff's motion for summary judgment with respect to one of the grounds upon which Defendant sought to challenge the validity of her equitable distribution claim, with the relevant issue being the validity of Defendant's contention that his marriage to Plaintiff Margarita Belila Holbert had been performed by an individual who was not

authorized to perform marriage ceremonies and the extent to which the trial court was precluded from considering that contention on the merits in light of an earlier consent judgment, and denying Defendant's motion for relief from that earlier consent judgment predicated on the theory that the consent judgment failed to accurately reflect the agreement between the parties that it was supposed to memorialize. After careful consideration of Defendant's challenges to the trial court's orders in light of the record and the applicable law, we conclude that Defendant's appeal should be dismissed as having been taken from unappealable interlocutory orders.

## I. Factual Background

### A. Substantive Facts

Plaintiff came to the United States from the Philippines on or about 10 December 2000 as Defendant's fiancée. The parties were married on 9 February 2001 by an individual named Earl R. Jones, who was selected to perform that role by Defendant. Although he was "licensed in the Gospel Ministry" at the time that he conducted the parties' marriage ceremony, Mr. Jones had not been "ordained" by the church with which he was affiliated at that time. Mr. Jones was, however, "ordained" on 30 March 2008.

After the performance of the marriage ceremony, Plaintiff and Defendant held themselves out to be husband and wife. The parties' relationship began to deteriorate when Defendant began to curse Plaintiff, state that it would have been cheaper to have her killed, and offer to pay others to marry her. At approximately the time that the parties separated on 16 September 2009, Defendant locked Plaintiff out of the marital residence and changed all of the locks.

### B. Procedural Facts

On 6 October 2009, Plaintiff filed a complaint in which she claimed that she had been abandoned by Defendant and sought a divorce from bed and board, post-separation support, alimony, equitable distribution, and an award of attorney's fees. On 20 October 2009, Defendant filed a motion seeking to have Plaintiff's complaint dismissed in reliance upon the parties' premarital agreements and to enforce the provisions of their premarital agreements. On 6 April 2010, the parties filed a memorandum of decision in which Defendant "waive[d] any defense to any cause of action set out in the complaint on the basis of any premarital agreement" and "any defense by virtue of any other premarital agreement not identified in his answer." In return for this commitment and the payment of $50,000, Plaintiff waived all of the claims that she had asserted against Defendant

except for the right to have marital and divisible property equitably distributed. As part of this process, the parties agreed that it would be unnecessary for their signatures to appear on the formal consent judgment. On 6 May 2010, Judge Athena Fox Brooks entered a consent judgment that provided, in pertinent part, that "[b]oth parties agree that [Plaintiff] is entitled to proceed with her claim of equitable distribution against [Defendant] without any defense thereto"; that Defendant's dismissal motion should be denied; and that the only issue remaining between the parties involved the equitable distribution of their marital and divisible property.[1]

On 6 October 2010, Defendant filed a complaint in a separate action seeking an absolute divorce. On 23 November 2010, the court granted Defendant an absolute divorce.

On 4 February 2011, Defendant filed a motion seeking to have the 6 April 2010 memorandum of decision and the 6 May 2010 consent judgment set aside pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1), (4) and (6). In support of this request, Defendant contended that he had entered into the agreement memorialized in these documents at a time when his cognition was impaired and that he had been unable to understand the contents

---

[1]The 6 May 2010 consent judgment also memorialized an agreement between the parties under which Plaintiff agreed to dismiss a domestic violence proceeding that she had initiated against Defendant.

of the 6 April 2010 memorandum of decision when he signed it. On 11 May 2011 and 8 June 2011, respectively, the trial court entered an order and an amended order denying Defendant's motion on the grounds that he was presumed to be competent when he consented to the agreement memorialized in the 6 April 2010 memorandum of decision and the 6 May 2010 consent judgment and that he had failed to present substantial evidence tending to show that he was incompetent at the time that he entered into this agreement.

On 11 October 2012, Defendant, who was now represented by new legal counsel, filed an answer and counterclaim in which he asserted, among other things, that he was entitled to rely on the provisions of the parties' premarital agreement as a defense to Plaintiff's equitable distribution claim, with this assertion resting upon his recent discovery that Mr. Jones was not authorized to conduct marriage ceremonies under North Carolina law, and that he was entitled to have his marriage to Plaintiff annulled, with this assertion resting on a contention that Mr. Jones had not been legally authorized to perform their marriage ceremony and that the parties had never consummated their marriage. In addition, Defendant filed a motion for relief from judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) in the action in which he had been divorced from Plaintiff on 16

October 2012 in which he alleged that he had recently learned that Mr. Jones had not been authorized to conduct the parties' marriage ceremony. On 8 November 2012, Plaintiff filed a response to Defendant's filings in the equitable distribution and divorce proceedings in which she asserted a number of affirmative defenses to Defendant's contentions, including, but not limited to, ratification, collateral estoppel, judicial estoppel, waiver, fraud, and statute of limitations.

On 3 December 2012, Defendant filed a motion seeking the entry of summary judgment in his favor with respect to Plaintiff's equitable distribution claim on the grounds that there "was no valid marriage between the parties" given the fact that Mr. Jones had not been "ordained" at the time of the parties' marriage ceremony. On 6 February 2013, Plaintiff moved for partial summary judgment with respect to the issue of whether (1) the parties' premarital agreements barred her equitable distribution claim; (2) Plaintiff had waived her right to assert an equitable distribution claim by executing the parties' premarital agreements, (3) Plaintiff was estopped by the parties' premarital agreements from asserting an equitable distribution claim, (4) the fact that Plaintiff took a salary from Defendant barred her from asserting an equitable distribution claim, and (5) Plaintiff had misappropriated money

from Defendant. After a hearing held on 18 February 2013, the trial court entered an order on 18 March 2013 granting Plaintiff's partial summary judgment motion and specifically determining, among other things, that Defendant was barred from asserting the parties' premarital agreement as a defense to Plaintiff's equitable distribution claim by the 6 April 2010 memorandum of decision and 6 May 2010 consent judgment. In addition, the trial court entered another order on the same date denying Defendant's request for an annulment of his marriage to Plaintiff given that he had elected the remedy of absolute divorce rather than annulment with full knowledge of the facts underlying his contention that the parties' marriage had never been consummated; denying Defendant's request for the entry of summary judgment in his favor with respect to Plaintiff's equitable distribution claim on the grounds that the record reflected the existence of genuine issues of material facts concerning the extent to which Mr. Jones had the authority to conduct the parties' wedding ceremony; and granting summary judgment in favor of Plaintiff with respect to the issue of whether Defendant was entitled to assert any defense, including the invalidity of the parties' marriage, in opposition to Plaintiff's equitable distribution claim given the provisions of the 6 April 2010 memorandum of decision and the 6 May 2010

consent judgment. Defendant noted an appeal to this Court from the second 18 March 2013 order on 17 April 2013.

On 16 April 2013, Defendant filed a motion for relief from the 6 May 2010 consent judgment and the second 18 March 2013 order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) and (4), or, in the alternative, for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, with both requests for relief predicated on the theory that the language concerning Defendant's waiver of the right to assert any defenses to Plaintiff's equitable distribution claim contained in the 6 May 2010 order was inconsistent with the equivalent provision of the 6 April 2010 memorandum of decision and that this inconsistency between the relevant provisions of the two documents indicated that Judge Brooks lacked jurisdiction to enter the 6 May 2013 order to the extent that it precluded him from asserting any defense to Plaintiff's equitable distribution claim. On 4 June 2013, the trial court entered an order denying Defendant's motion, finding that Defendant's motions were "closely related to the Motions previously heard by the undersigned and certified for immediate review by the Court of Appeals," that there was a "need for a determination of these issues prior to an Equitable Distribution Trial," and that "the undersigned respectfully certifies to the Court of Appeals that there are no just reasons for delay in

reviewing these orders." On 5 June 2013, the trial court entered a certification stating that it deemed "it appropriate that the orders entered by him" on 18 March 2013 "be reviewed by the North Carolina Court of Appeals, and further respectfully certifies to the North Carolina Court of Appeals that there is no just reason for delay in so reviewing these orders."[2] On 5 June 2013, Defendant noted an appeal to this Court from the 4 June 2013 order.

## II. Substantive Legal Analysis

### A. General Principles of Appellate Jurisdiction

As an initial matter, we must address the extent to which this Court has jurisdiction over Defendant's challenges to the

---

[2]We note, in passing, that Defendant never noted an appeal from the first 18 March 2013 order, that the trial court certified the 18 March 2013 orders almost two months after Defendant noted an appeal to this Court from the second 18 March 2013 order, and that the trial court's signature on the attempted certification of the 18 March 2013 orders antedates the date upon which the certification was file-stamped by three days. However, given that Defendant has not advanced any substantive challenge to the validity of the first 18 March 2013 order, that Defendant's failure to advance any arguments in his brief challenging the validity of a particular order precludes us from assessing its validity on appeal, *State v. Garcell*, 363 N.C. 10, 70, 678 S.E.2d 618, 655 (citing N.C. R. App. P. 28(b)(6) and *State v. Raines*, 362 N.C. 1, 26, 653 S.E.2d 126, 142 (2007), *cert. denied*, 557 U.S. 934, 129 S. Ct. 2857, 174 L. Ed. 2d 601 (2009)), *cert. denied*, 558 U.S. 999, 130 S. Ct. 510, 175 L. Ed. 2d 362 (2009), and that the trial court's attempt to certify the second 18 March 2013 order for immediate review is ineffective for other reasons, we need not comment on the validity of the trial court's attempt to certify the first 18 March 2013 order for immediate review.

second 18 March 2013 and the 4 June 2013 orders. Although Defendant acknowledges that both of the orders that he wishes to challenge on appeal are interlocutory, he contends that both orders are covered by exceptions to the general rule precluding appellate review of interlocutory orders. We are not persuaded by Defendant's arguments.

"An order is either 'interlocutory or the final determination of the rights of the parties.' 'An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.'" *Harbour Point Homeowners' Ass'n v. DJF Enters., Inc.*, 206 N.C. App. 152, 156, 697 S.E.2d 439, 443 (2010) (internal quotation marks and citations omitted) (quoting N.C. Gen. Stat. § 1A-1, Rule 54(a), and *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). "Ordinarily, an appeal will lie only from a final judgment." *Steele v. Moore-Flesher Hauling Co.*, 260 N.C. 486, 491, 133 S.E.2d 197, 201 (1963). However, interlocutory orders are appealable under certain circumstances. For example, a party is allowed to take an appeal from an interlocutory order that "affects a substantial right claimed in any action or proceeding," N.C. Gen. Stat. § 1-277(a); see also N.C. Gen. Stat. § 7A-

27(b)(3)(a), with the extent to which an interlocutory order affects a substantial right requiring "consideration of 'the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.'" *Dep't of Transp. v. Rowe*, 351 N.C. 172, 175, 521 S.E.2d 707, 709 (1999) (quoting *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978)). In addition, N.C. Gen. Stat. § 1A-1, Rule 54(b) provides that a "court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment," which "shall then be subject to review by appeal or as otherwise provided by these rules or other statutes." However, the fact "[t]hat the trial court declared [an order] to be a final [order for purposes of N.C. Gen. Stat. § 1A-1, Rule 54(b)] does not make it so," *Tridyn Indus. V. Am. Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979), with any certification of an order that is not a final judgment as to a claim or party being ineffective. *Anderson v. Atl. Cas. Ins. Co.*, 134 N.C. App. 724, 726, 518 S.E.2d 786, 788 (1999). "Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review

those grounds." *Bullard v. Tall House Bldg. Co.*, 196 N.C. App. 627, 637, 676 S.E.2d 96, 103 (2009) (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). As a result, given Defendant's concession that the orders that he seeks to challenge on appeal are interlocutory in nature, we must now consider the extent to which either of these orders are properly before us for review at this time.[3]

B. Analysis of Appealability of Specific Orders

1. Second 18 March 2013 Order

Although the trial court addressed a number of issues in the second 18 March 2013 order, the only portion of that order that Defendant seeks to challenge on appeal at this time is the trial court's decision to grant summary judgment in Plaintiff's favor on the grounds that Defendant waived the right to assert any defenses to Plaintiff's equitable distribution claim in the 6 April 2010 memorandum of decision and the 6 May 2010 consent order. According to Defendant, the trial court's decision to preclude him from asserting any defenses to Plaintiff's equitable distribution claim affects a substantial right.

---

[3]As a result of the fact that Defendant noted his appeals from the second 18 March 2013 and 4 June 2013 orders prior to 23 August 2013 and the fact that neither of the orders that Defendant wishes to challenge on appeal represent a final adjudication of Plaintiff's equitable distribution claim, the provisions of N.C. Gen. Stat. § 50-19.1 do not apply in this instance.

As an initial matter, Defendant argues, in reliance upon the Supreme Court's decision in *Mercer v. Hilliard*, 249 N.C. 725, 107 S.E.2d 554 (1959), that an order overruling a plea in bar is immediately appealable on substantial right grounds. In *Mercer*, the defendants asserted *res judicata* as a bar to the plaintiff's personal injury claim. *Id.* at 726-27, 107 S.E.2d at 555. However, the trial judge allowed the plaintiff's demurrer to the defendants' *res judicata* defense. *Id.* at 727, 107 S.E.2d at 555. After stating that "'[a] plea in bar is one that denies the plaintiff's right to maintain the action, and which, if established, will destroy the action,'" *id.* at 728, 107 S.E.2d at 556 (quoting McIntosh, N.C. Practice & Procedure, § 523 (1929)) (citing *Brown v. E.H. Clement Co.*, 217 N.C. 47, 51, 6 S.E.2d 842, 845 (1940), and *Solon Lodge Knights of Pythias Co. v. Ionic Lodge Free Ancient & Accepted Masons*, 245 N.C. 281, 287, 95 S.E.2d 921, 925 (1957)), the Supreme Court stated that "[a]n order or judgment which *sustains* a demurrer to a plea in bar affects a substantial right and a defendant may appeal therefrom." *Id.* (citing N.C. Gen. Stat. § 1-277 and *Shelby v. Charlotte Elec. Rwy., Light, and Power Co.*, 147 N.C. 537, 538, 61 S.E. 377, 378 (1908)). In other words, Defendant contends that any decision to reject a defense that would defeat a claim constitutes a plea in bar and that any order embodying such a

decision is immediately appealable on substantial right grounds. We do not find Defendant's argument persuasive given the facts before us in this case.

The concept of a plea in bar arose under and existed in civil procedure systems that antedated the current North Carolina Rules of Civil Procedure.

> What then is a plea in bar? The word "bar" has a peculiar and appropriate meaning in law. In a legal sense it is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action, a special plea constituting a sufficient answer to an action at law, and so called because it barred–i.e., prevented– the plaintiff from further prosecuting it with effect, and, if established by proof, defeated and destroyed the action altogether.

*Murchison Nat'l Bank v.* Evans, 191 N.C. 535, 538, 132 S.E. 563, 564 (1926). According to the Supreme Court:

> the following pleas have been held to be pleas in bar: (1) Statute of Limitations. *Oldham v. Rieger*, 145 N.C. 254, [58 S.E. 1091 [1907]. (2) Account stated. *Kerr v. Hicks*, 129 N.C. 141[, 39 S.E. 197 (1901)]; [*Kerr v. Hicks*,] 131 N.C. 90[, 42 S.E. 532 (1902)]; *Jones v. Wooten*, 137 N.C. [421, 49 S.E. 915 (1905)]. (3) Failure to comply with the provisions of a contract which are conditions precedent to liability. *Bank [of Tarboro] v. Fidelity [& Deposit] Co.*, 126 N.C. [320, 35 S.E. 588 (1900)]. (4) Plea of sole seizin by reason of adverse possession of twenty years against a tenant in common. But [a] plea of sole seizin which by its very terms involves an accounting, is not a good plea. *Duckworth v. Duckworth*, 144 N.C.

> 620[, 57 S.E. 396 (1907)]. (5) Release.
> *McAuley v. Sloan*, 173 N.C. [80, 91 S.E. 701
> (1917)]. (6) Accord and satisfaction.
> *McAuley v. Sloan*, 173 N.C. [80, 91 S.E. 701
> (1917)]. (7) Estoppel by judgment. *Jones v.
> Beaman*, 117 N.C. [259, 23 S.E. 248 (1895)].

*Id.; see also* in *Mercer*, 249 N.C. at 727-28, 107 S.E.2d at 555-56 (describing the assertion of a *res judicata* defense as a plea in bar). In view of the fact that a successful plea in bar barred an action from moving forward, *Scott Poultry Co. v. Bryan*, 272 N.C. 16, 19, 157 S.E.2d 693, 696 (1967) (stating that "[t]he effect of a plea in bar is to destroy plaintiff's action"), such pleas played a role in earlier systems of civil procedure similar to that currently filled by affirmative defenses as that term is used in the North Carolina Rules of Civil Procedure.[4] In apparent recognition of that fact, certain decisions of this Court handed down within the first decade after the enactment of the North Carolina Rules of Civil Procedure continued to make references to "pleas in bar" even

---

[4]However, as should be obvious from an examination of the list of pleas in bar set out in *Murchison National Bank* and the non-exclusive list of affirmative defenses set out in N.C. Gen. Stat. § 1A-1, Rule 8(c) (listing "accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, truth in actions for defamation, usury, waiver, and any other matter constituting an avoidance or affirmative defense" as affirmative defenses), pleas in bar are a subset of, rather than completely equivalent to, modern affirmative defenses.

though that expression does not appear in N.C. Gen. Stat. § 1A-1, Rule 8. *Taylor v. Bailey*, 49 N.C. App. 216, 217, 271 S.E.2d 296, 297 (1980) (treating the affirmative defense of election of remedies as a plea in bar), *appeal dismissed*, 301 N.C. 726, 274 S.E.2d 235 (1981); *T. A. Loving Co. v. Latham*, 20 N.C. App. 318, 319, 201 S.E.2d 516, 517 (1974) (stating that the "[d]efendants filed answer which contained a number of affirmative defenses constituting pleas in bar"); *McKinney v. Morrow*, 18 N.C. App. 282, 283, 196 S.E.2d 585, 586 (noting that the defendant was allowed to "amend his answer to plead that release as an affirmative defense in bar"), *cert. denied*, 283 N.C. 655, 197 S.E.2d 874 (1973). As a result, a plea in bar, like an affirmative defense, represented something that the defendant in a civil action was required to plead and prove. *Lyon v. Shelter Resources Corp.*, 40 N.C. App. 557, 560, 253 S.E.2d 277, 279 (1979) (citing N.C. Gen. Stat. § 1A-1, Rule 8(c); *Price v. Conley*, 21 N.C. App. 326, 328, 204 S.E.2d 178, 180 (1974)) (stating that "[a] defense based on waiver or release is an affirmative defense and, therefore, the defendant bears the burden of proof").

Assuming, without in any way deciding, that the legal principle affording any party asserting a plea in bar against which a demurrer has been sustained the right to seek immediate

appellate relief has survived the enactment of the North Carolina Rules of Appellate Procedure,[5] we do not believe that the principle upon which Defendant relies has any application in this case. As a general proposition, "'a defense which contests one of the material allegations of the complaint is not an affirmative defense since it involves an element of the plaintiff's prima facie case.'" *Wallace v. Haserick*, 105 N.C. App. 315, 319, 412 S.E.2d 694, 695, *disc. review denied*, 331 N.C. 291, 417 S.E.2d 71 (1992) (quoting Shuford, North Carolina Civil Practice and Procedure, § 8-7 (1988)). The argument that Defendant was precluded from asserting by virtue of the trial court's decision to grant summary judgment in Plaintiff's favor in the second 18 March 2013 order involves, in essence, a denial that the parties were ever legally married. As a general proposition, a party to a void marriage does not have the rights available to a person who has entered into a valid marriage. *Taylor v. Taylor*, 321 N.C. 244, 249, 362 S.E.2d 542, 545-46 (1987) (holding that a "bigamous marriage is a nullity, with no

---

[5]As we read the applicable decisional law, there is substantial basis for questioning whether the principle upon which Defendant relies remains universally valid with respect to all defenses that were formerly treated as pleas in bar. *E.g., Thompson v. Norfolk & S. Ry. Co.*, 140 N.C. App. 115, 121, 535 S.E.2d 397, 401, (2000) (holding that "an order denying a party's motion to dismiss based on a statute of limitation does not effect a substantial right and is therefore not appealable").

legal rights flowing from it"). For that reason, the statutory provisions governing equitable distribution actions assume that the only persons entitled to obtain an equitable distribution of marital and divisible property are the parties to a valid marriage. Thus, rather than constituting a plea in bar or even an affirmative defense, the contention that the trial court precluded Defendant from asserting in the second 18 March 2013 order amounted to the denial that an element of Plaintiff's equitable distribution claim ever existed. As a result, since the argument that Defendant has been precluded from making does not constitute an affirmative defense, much less a plea in bar, Defendant is not entitled to an immediate appeal from the second 18 March 2013 order based on the principle set out in *Mercer*.

Secondly, Defendant argues that the second 18 March 2013 order affects a substantial right by creating a risk that inconsistent judgments would be reached in the trial court. According to Defendant, Plaintiff's equitable distribution claim and his counterclaim for an annulment based on Mr. Jones' lack of authority to perform the parties' marriage ceremony are "so intertwined that an adjudication of [his] counterclaim could determine the outcome of [her] claim[]."[6] In support of this

---

[6]Defendant has not asserted in his brief any other basis for challenging the validity of his marriage, such as his contention that the parties never consummated their marriage, aside from

assertion, Defendant relies on our decision in *Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695-96 (1996), *disc. review denied*, 345 N.C. 340, 483 S.E.2d 161 (1997), in which we allowed an interlocutory appeal from an order granting summary judgment in favor of the defendant with respect to the plaintiff's negligence claim even though the defendant's claim for unpaid fees resulting from the provision of his services remained undecided "[b]ecause the possibility of inconsistent verdicts from two trials on the same issues exist[ed]" in cases in which "'there are overlapping factual issues between the claim determined and any claims which have not yet been determined because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues.'" (internal quotation marks omitted) (quoting *Liggett Group v. Sunas*, 113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993)).

Although the legal principle upon which Defendant relies in support of the second of his "substantial right" contentions relating to the second 18 March 2013 order is certainly a valid one, it has no application in this instance. In essence, Defendant's argument rests on the assumption that his

his contention that Mr. Jones lacked the authority to perform their marriage ceremony, so we limit the discussion in the text of this opinion to the contention that Defendant has actually made.

counterclaim for annulment was fully resolved in the second 18 March 2013 order. However, the second 18 March 2013 order did not in any way determine that Defendant's annulment claim lacked validity. In fact, the trial court determined that there were genuine issues of material fact concerning the extent to which Mr. Jones was authorized to conduct the parties' marriage ceremony. Instead, the relevant provision of the second 18 March 2013 order simply precludes Defendant from asserting the same facts upon which his annulment claim rests in response to Plaintiff's equitable distribution claim. As a result, since the ruling with respect to Defendant's contention that his marriage to Plaintiff was not valid embodied in the second 18 March 2013 order is not inconsistent with Defendant's assertion that he has the right to have his marriage annulled based on Mr. Jones' lack of authority to conduct their marriage ceremony, Defendant is not entitled to immediate appellate review of the second 18 March 2013 order on substantial right grounds.

Finally, Defendant contends that, even if the second 18 March 2103 order did not affect a substantial right, that order was appealable pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). However, Defendant has failed to identify any claim with respect to which the trial court made a final decision in the second 18 March 2013 order. For example, the record clearly establishes

that the trial court has not finally decided the merits of Plaintiff's equitable distribution claim. Although Defendant contends that the second 18 March 2013 order "represent[s] a final order on Defendant's counterclaim for annulment," that contention is clearly without merit given that the trial court has never made a determination concerning the merits of Defendant's annulment claim and, in fact, held that the record disclosed the existence of genuine issues of material fact concerning the extent to which Mr. Jones had the authority to marry Plaintiff and Defendant. As we have already noted, the trial court simply held that Defendant had waived the right to assert those facts in opposition to Plaintiff's equitable distribution claim in light of the 6 April 2010 memorandum of decision and the 6 May 2010 consent judgment. Thus, the trial court lacked the authority to certify the second 18 March 2013 order for immediate review pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). As a result, since Defendant has not established that he is entitled to immediate appellate review of the second 18 March 2013 order on any basis, we have no authority to reach the merits of Defendant's challenge to the trial court decisions embodied in that order and must, instead, dismiss Defendant's attempted appeal from that order.

## 2. 4 June 2013 Order

According to Defendant, the 4 June 2013 order is subject to immediate appeal despite its interlocutory status on a number of grounds. More specifically, Defendant contends that he is entitled to an immediate appeal from the 4 June 2013 order on the grounds that the order in question rejects a plea in bar, creates a risk of inconsistent judgments, and has been certified for immediate review pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). Once again, we conclude that Defendant's arguments lack merit.[7]

As was the case with respect to his challenge to the second 18 March 2013 order, Defendant contends that the 4 June 2013 order affected a substantial right "to assert a defense and plea in bar to Plaintiff's claims." Assuming, without deciding, that orders rejecting pleas in bar are immediately appealable on the basis of the substantial right doctrine, the 4 June 2013 order did not reject a defense "that denie[d] [Plaintiff's] right to maintain the action, and which, if established, [would have] destroy[ed] the action." *Mercer*, 249 N.C. at 728, 107 S.E.2d at 556. On the contrary, even if Judge Brooks erred by entering a consent judgment that did not accurately reflect the agreement set out in the 6 April 2013 memorandum of decision, a question

---

[7]As a result of the fact that we have not reached the merits of Defendant's challenges to the 4 June 2013 order, we express no opinion about the extent to which those challenges have been properly asserted or have any substantive validity.

about which we express no opinion at this point, that fact would simply invalidate the consent judgment rather than bar Plaintiff's equitable distribution claim. As a result, since the trial court did not reject a plea in bar in the 4 June 2013 order, Defendant is not entitled to an immediate appeal from that order based on the principle set out in *Mercer*.

Secondly, Defendant contends that he is entitled to an immediate appeal from the 4 June 2013 order on the grounds that the issues addressed and resolved in that order are intertwined with other issues that remain to be resolved in this case. As we have previously indicated, an interlocutory order affects a substantial right in the event that there is a risk that the failure to provide immediate appellate review creates a risk that inconsistent judgments will result. However, we are unable to see how a failure to consider the issues raised by Defendant's challenge to the 4 June 2013 order on appeal at this time creates such a risk and Defendant has not satisfactorily explained to us how such a result would come about. Simply put, given that no decision has been reached with respect to the merits of Defendant's claim for annulment, a failure to consider whether the 6 May 2010 consent judgment accurately reflects the agreement between the parties embodied in the 6 April 2010

memorandum of decision poses no risk that inconsistent decisions will be made with respect to any matter at issue in this case.

Finally, Defendant argues that, in the event that he is not entitled to an immediate appeal from the 4 June 2013 order on substantial right grounds, he is entitled to obtain appellate review of that order on an interlocutory basis as a result of the trial court's decision to certify the 4 June 2013 order for immediate appeal. However, the trial court's certification was not effective to allow an immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), given that the 4 June 2013 order did not finally resolve any claim between the parties. Although Defendant contends that the 4 June 2013 order "represents" a final judgment with respect to his annulment claim, the order in question simply does not address, much less finally resolve, the validity of Defendant's annulment claim on the merits. Thus, Defendant is not entitled to immediate appellate review of the 4 June 2013 order pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). As a result, given that none of the bases upon which Defendant relies in support of his request for immediate appellate review of the 4 June 2013 order have any validity, we must dismiss his appeal from that order as well.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant's appeal has been taken from two unappealable interlocutory orders and is not properly before this Court. As a result, Defendant's appeal should be, and hereby is, dismissed.

APPEAL DISMISSED.

Chief Judge MARTIN and Judge MCCULLOUGH concur.

Chief Judge MARTIN concurred in this opinion prior to 1 August 2014.